IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE GUADALUPE SILVA, #57770-177 | § § § | |
| Movant, | § § | No. 3:21-cv-00044-B (BT) |
| v. | § § | No. 3:18-cr-00375-B-8 |
| UNITED STATES of AMERICA, | § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Jose Guadalupe Silva, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Silva's § 2255 motion as barred by limitations.

I.

Silva pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II), and 846, and the District Court sentenced him to 210 months' imprisonment. Although Silva filed an appeal with the Fifth Circuit Court of Appeals, the Court granted his motion to voluntarily dismiss his appeal on January 10, 2020.

1

Then, on January 7, 2021, Silva filed a § 2255 motion in this court. However, the motion failed to set forth any claims, and Silva failed to sign the motion. Therefore, the Court ordered Silva to file an amended § 2255 motion and correct the deficiencies.

Silva filed his amended § 2255 motion on January 31, 2021. In it, he argues that his appointed trial attorney provided ineffective assistance of counsel when he failed to

(1) file a diminished capacity motion at sentencing;

(2) challenge the importation enhancement;

(3) recognize that Silva's due process rights were violated; and

(4) dispute the drug-quantity calculation.

In response, the Government argues that Silva's original § 2255 motion was timely filed but contained no claims and was not signed by Silva, and his amended § 2255 motion is time-barred. In the alternative, the Government argues that Silva has failed to show that he received ineffective assistance of counsel. Silva did not file a reply, and the time for doing so has passed. His motion is ripe for determination.

II.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings.

2

*See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Silva does not allege facts supporting the application of (f)(2), (f)(3), or (f)(4); thus, subsection (f)(1) applies here.

1.

There is some disagreement as to when a conviction becomes final when—as here—a defendant files and then voluntarily dismisses a direct appeal. *Compare Latham v. United States*, 527 F.3d 651, 652 (7th Cir. 2008) (finding a motion to reinstate the appeal, filed within the time for a petition

for rehearing, was enough to put off finality until the motion was denied, so the § 2255 was timely) *with United States v. Sylvester*, 258 F. App'x 411, 412 (3d Cir. 2007) ("When an appeal is voluntarily dismissed, further direct review is no longer possible.") and *United States v. Parker*, 416 F. App'x 132, 2011 WL 767740, at *1 (3d Cir. 2011) (citing *Latham*, 527 F.3d at 651); *see also* S. Ct. R. 13 (providing for a 90-day period after the entry of judgment within which to file a petition for writ of certiorari). And the Fifth Circuit has not definitively addressed the issue. *See Mark v. Thaler*, 646 F.3d 191, 195 (5th Cir. 2011) ("[I]t may well be the case that when a federal criminal direct appeal is voluntarily dismissed, further review is no longer possible and, thus, the federal conviction immediately becomes final under AEDPA for purposes of any future petition under 28 U.S.C. § 2255, although at least one court has taken a contrary view [referring to *Latham*, 527 F.3d at 652-53]."); *United States v. Solis-Gonzalez*, 254 F.3d 1080, 1080 n.1 (5th Cir. 2001) (per curiam) ("Even if we were to consider the timeliness of appellant's petition, he would have difficulty persuading us that, although he voluntarily dismissed his appeal, the one-year period should be extended by the time limit for filing a petition for certiorari."). But the majority of federal courts to consider the issue, including courts in this district, have held that a habeas petitioner's judgment becomes final for limitations purposes on the date the direct appeal is dismissed. *See, e.g., McKnight v. United States*, 2016 WL 4029501, at *2 (N.D. Tex. July 25, 2016) (McBryde, J.); *United States v.*

4

*Martin*, 2008 WL 4211153, at *4-6 (N.D. Tex. Sep. 12, 2008) (Solis, J.) (same); *Horton v. Quarterman*, 2007 WL 4226151, at *2 (N.D. Tex. Nov. 30, 2007) (Means, J.) (same); *Brown v. Quarterman*, 2007 WL 949800, at *2 n.1 (N.D. Tex. Mar. 28, 2007) (Kinkeade, J.) ("Where a habeas petitioner timely appeals his conviction but later dismisses the appeal, nearly every federal court to address the issue has held that the judgment becomes final for limitations purposes on the date the appeal is dismissed.").

In this case, the Fifth Circuit granted Silva's motion to voluntarily dismiss his direct appeal on January 10, 2020, and—consistent with the weight of authority on the issue, including the persuasive analysis set forth in *United States v. Martin*, 2008 WL 4211153 (N.D. Tex. Sep. 12, 2008)—the Court should find that the judgment became final on that date. Silva then had one year, or until January 10, 2021, to file his § 2255 motion.

2.

Silva filed his original § 2255 motion on January 7, 2021—three days before the expiration of his one-year limitations period. (CV ECF No. 1.)[1] However, Silva failed to include any claims or set forth any facts to support his original motion. Instead, Silva's original motion consisted of an

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to this civil action, case number 3:21-cv-00044-B-BT, and "CR ECF" refers to the underlying criminal action, case number 3:18-cr-00375-B-8.

essentially blank form containing only some basic procedural background information and a copy of the motion for voluntary dismissal that he filed in the Fifth Circuit. Silva also failed to sign or date his original § 2255 motion.

A movant cannot circumvent the AEDPA by filing a "place holder" § 2255 motion with the expectation of relying on Federal Rule of Civil Procedure 15(c) to add additional claims after the one-year limitations period expires. *Okechuku v. United States*, 2021 WL 2690091, at *8 (N.D. Tex. June 14, 2021), *rec. adopted* 2021 WL 2685283 (N.D. Tex. June 30, 2021); *accord United States v. Hamoudi*, 2019 WL 5653768, at *5 (S.D. Tex. Oct. 31, 2019); *see also United States v. Marshall*, 2018 WL 9669918, at *2 (S.D. Miss. Aug. 20, 2018) ("A defendant seeking relief under § 2255 may not circumvent the one-year statute of limitations 'by filing a timely, albeit threadbare, "place holder" § 2255 petition incanting the vaguest of buzzwords about his claims, then avail himself of relation back principles to fill in those claims at his leisure after the one-year limitations period expires.'") (quoting *United States v. Hughes*, 2014 WL 12818161, at *6 (S.D. Miss. Oct. 9, 2014)); *United States v. Crawley*, 2010 WL 4393970, at *11 (S.D. Tex. Oct. 29, 2010) (finding the original ineffective assistance claims were devoid of facts, much less operative facts, and a "'place-holder' § 2255 motion cannot serve to extend the limitations period for claims that have not been sufficiently asserted").

6

The Court should decline to recognize Silva's original § 2255 motion as a properly and timely-filed § 2255 motion because it does not provide any facts or set forth any legal claims. Silva also failed to sign and date his original motion. To decide otherwise would undermine the AEDPA's one-year statute of limitations and the purpose of advancing the finality of criminal convictions. *See Mayle v. Felix*, 545 U.S. 644, 662 (2005) ("Congress enacted AEDPA to advance the finality of criminal convictions."); *see also Maldonado v. United States*, 2019 WL 8723757, at *27 (S.D. Tex. Aug. 30, 2019) ("The limitations period for habeas corpus motions serves to advance the finality of criminal convictions.") (citing *Mayle*, 545 U.S. at 662), *rec. adopted* 2020 WL 2309620 (S.D. Tex. May 8, 2020).

3.

Silva filed his amended § 2255 motion on January 31, 2021—three weeks after the limitations period expired. Silva's amended § 2255 motion is therefore untimely unless it can relate back under Federal Rule of Civil Procedure 15(c) to the filing of his original § 2255 motion.

It is well-established that Rule 15 applies in § 2255 proceedings. *Mayle*, 545 U.S. at 655; *see also United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002). Under Rule 15, an untimely claim is not time-barred if it relates back to the original, timely-filed § 2255 motion. Fed. R. Civ. P. 15(c)(1)(B); *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009):

7

*see also United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999) ("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period."). However, new claims "do not automatically relate back to prior [ ] claims simply because they violate the same constitutional provision." *Gonzalez*, 592 F.3d at 680. Rather, "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Saenz*, 282 F.3d at 356. The court "must look to whether [the movant's] new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Gonzalez*, 592 F.3d at 680 (quoting *Mayle*, 545 U.S. at 650).

As discussed, Silva's original § 2255 motion cannot serve as a place holder and allow for the relation back of his ineffective assistance of counsel claims to a timely-filed motion under Rule 15(c). This is so because his original § 2255 motion did not contain any claims, and there is nothing to which his ineffective assistance of counsel claims can relate back. Therefore, Silva's amended § 2255 motion is untimely.

B.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998);

8

*see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Silva does not argue that he is entitled to equitable tolling. Likewise, he does not present an argument that could be construed as seeking entitlement to equitable tolling. Silva's motion was not timely filed, and he fails to plead any facts showing he was misled by the Government or prevented in some extraordinary way from asserting his rights. He merely filed his motion three weeks late. Silva is therefore not entitled to equitable tolling.

Because Silva's claims are time-barred, the Court need not reach the merits of Silva's ineffective assistance of counsel claims.

III.

9

If the Court were to consider Silva's ineffective of counsel claims, it should find they are fatally vague or meritless and should be denied.

To prevail on a claim of ineffective assistance of counsel, Silva must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if Silva proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, he must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Silva claims that his attorney was ineffective at sentencing because he failed to file a "diminished capacity motion," challenge the importation

10

enhancement, or object to the drug-quantity determination. He also contends that his attorney failed to recognize he did not understand the proceedings or that he would be subject to the importation enhancement. However, Silva's claims regarding his alleged diminished capacity and ability to understand the proceedings or that he would be subject to the importation enhancement are fatally vague and conclusory. Indeed, both claims are one-sentence allegations without any factual support or further explanation. Silva also fails to explain how his trial attorney's alleged ineffective assistance prejudiced him. Allegations by a *pro se* litigant must be given liberal construction to ensure their claims are not unfairly dismissed due to their unfamiliarity with the law. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider a vague ineffective assistance of counsel claim) (quoting *United States v. Woods*, 870 F.2d 285, 298 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

Silva's remaining objections—that his attorney failed to challenge the importation enhancement or dispute the drug-quantity calculation—are meritless. Silva's attorney filed substantive objections regarding the items

about which Silva complains. (CR ECF No. 237.) And, at sentencing, the Court considered each parties' arguments about the objections, heard testimony, and then overruled the objections. (CR ECF No. 312 at 4-21.) The fact that counsel's objections were ultimately unsuccessful, however, does not constitute ineffective assistance of counsel. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983); *see also Faubion v. United States*, 2010 WL 1542069, at *2 (N.D. Tex. Apr. 15, 2010). Silva fails to plead—much less prove—that additional evidence was available or that further argument would have been successful.

Accordingly, the Court should dismiss Silva's ineffective of counsel claims.

### IV.

For the foregoing reasons, the Court should DISMISS the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 as time-barred.

Signed November 2, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).